UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00047-HBB

TIMOTHY S.[1]                                                                         PLAINTIFF

VS.

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY                                                                      DEFENDANT

## MEMORANDUM OPINION
## AND ORDER

### I.      BACKGROUND

Before the Court is the Complaint (DN 1) of Timothy S. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both Plaintiff (DN 16) and Defendant (DN 19) have filed a Fact and Law Summary.  Plaintiff filed a Reply (DN 20).  For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 12).  By Order entered August 14, 2025 (DN 13), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted.  No such request was filed.

### II.     FINDINGS OF FACT

On March 20, 2023, Plaintiff protectively filed an application for Disability Insurance

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

Benefits (Tr. 171-77) and Supplemental Security Income (Tr. 178-85).  Plaintiff alleged that he became disabled on December 29, 2022, as a result of blindness or low vision and neuropathy (Tr. 223).  The application was denied initially on August 17, 2023[2], and upon reconsideration on November 27, 2023 (Tr. 42-67).  On December 20, 2023, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 97-98).

On April 11, 2024, ALJ Lisa R. Hall conducted a telephonic hearing (Tr. 10).  Plaintiff and his attorney, Andrew Kirkendall, participated in the hearing (*Id.*).  Sharon Lane, an impartial vocational expert, testified at the hearing (*Id.*).  In a decision dated June 6, 2024, ALJ Hall evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commission (Tr. 10-17).  The ALJ noted that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017[3] (Tr. 12).  At the first step, ALJ Hall determined that Plaintiff has not engaged in substantial gainful activity since December 29, 2022 (*Id.*).  At the second step, ALJ Hall determined that Plaintiff has the following severe impairment:  degenerative disc disease of the cervical spine (*Id.*).  At the third step, ALJ Hall concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 13).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except he can lift and carry up to fifty pounds occasionally and twenty-five pounds frequently; he can sit for six hours in an eight-hour workday; he can stand and/or walk for six hours in an eight-hour workday;

---

2 The ALJ lists the initial denial date as August 21, 2023 (Tr. 10), but Tr. 50-51 shows the date as August 17, 2023. Either way, this date does not affect the analysis.
3 The ALJ and the parties note the date last insured as December 31, 2017, but Plaintiff is insured through December 31, 2027 (*See* Tr. 66; DN 19 PageID # 517; DN 16 PageID # 504).

and he can frequently use his hands for fine manipulative tasks such as handling and fingering (Tr. 13).  The ALJ found that Plaintiff can perform past relevant work as a roofer (Tr. 16).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, he can perform jobs that exist in significant number in the national economy (Tr. 16). Therefore, ALJ Hall concluded that Plaintiff has not been under a disability from December 29, 2022, through the date of disability (Tr. 17).  Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 23-26).  The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## III.    CONCLUSIONS OF LAW

### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.  *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).  In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility."  *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr.

3

1-4), the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).  Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision.  42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities.  42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income).  The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim.  *See* "Evaluation of disability in general," 20 C.F.R. § 404.1520.  In summary, the evaluation proceeds as follows:

1)    Is the claimant engaged in substantial gainful activity?

2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the RFC to return to his or her past relevant work?

5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

### C.      Evaluating Medical Opinions

*1. Arguments of the Parties*

Plaintiff avers that the ALJ failed to include postural limitations set forth by state agency consultant Dr. Khayyal (DN 16 PageID # 508-10).  Plaintiff contends that Dr. Khayyal's opinion is supported and consistent with the medical evidence in the record, so ALJ Hall should have found Dr. Khayyal's opinion to be persuasive:  thus, the ALJ should have adopted the opined postural limitations (*Id.* at PageID # 508-10).  Lastly, Plaintiff believes that this error is not harmless and warrants reversal (*Id.* at PageID # 510).

In response, Defendant avers that ALJ Hall's finding that Dr. Khayyal's opinion was somewhat persuasive is supported by substantial evidence and that ALJ Hall properly considered supportability and consistency with the wider record (DN 19 PageID # 519-21).  Defendant contends that Plaintiff is actually asking to reweigh the evidence—an improper request (*Id.* at PageID # 521).

In reply, Plaintiff reiterates his contention that the medical evidence in the record supports and is consistent with Dr. Khayyal's opinion and opined limitations (DN 20 PageID # 526-27).

*2. Applicable Law*

ALJs evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5).  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The five factors are supportability, consistency,

relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[4]  Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

An ALJ will articulate how she considered the other factors in paragraphs (c)(3) through (c)(5) of the regulation when the ALJ finds that two or more medical opinions about the same issue are both equally well supported and consistent with the record but are not exactly the same. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

*3. Discussion*

ALJ Hall determined that Plaintiff suffered from degenerative disc disease of the cervical spine and that it was a severe impairment (Tr. 14). ALJ Hall noted Plaintiff's symptoms as "sharp pain that radiates throughout both upper extremities" limiting his ability to walk, stand, and sit (*Id.*) (citing Tr. 339). Dr. Khayyal, a state agency medical consultant, evaluated Plaintiff's physical RFC at the reconsideration level as ALJ Hall noted:

> Dr. Khayyal opined that the claimant retains the ability to perform medium work where he can frequently finger with both upper extremities (Exhibits 5A – 6A). Dr. Khayyal opined that the claimant can frequently crawl and climb (Exhibits 5A – 6A). the [sic] undersigned finds the opinion to be somewhat persuasive, as the

---

4 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

exertional and manipulative limitations are supported by the record available at the time they were formed. However, the record does not support postural limitations.

Tr. 15 (citing Tr. 52-63). Dr. Khayyal opined that Plaintiff's RFC should include postural limitations: Plaintiff can frequently climb ramps and stairs, frequently climb ladders, ropes, and scaffolds, and frequently crawl (Tr. 55). In the areas of balancing, stooping, kneeling, and crouching, Dr. Khayyal found Plaintiff capable without limitation (*Id.*). ALJ Hall did not include any postural limitations in Plaintiff's RFC finding partly because she determined Dr. Khayyal's opinion to be somewhat persuasive (Tr. 13). ALJ Hall found Dr. Khayyal's opinion as to Plaintiff's postural limitations to be unsupported by the record and inconsistent with Plaintiff's treatment (Tr. 15).

When evaluating a medical opinion for persuasiveness, supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a) and (b)(2). So long as substantial evidence supports the ALJ's determination of Dr. Khayyal's opinion as somewhat persuasive because the postural limitations are unsupported and inconsistent, no error exists. To begin with supportability: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1).

ALJ Hall discussed supportability:

However, the record does not support postural limitations. In October 2023, the claimant attended a consultative examination with Khushdeep Vig, M.D. Dr. Vig noted that the claimant displayed a normal gait (Exhibit 2F, p.3). He could sit and stand without difficulty (Exhibit 2F, p.3). He did not use a cane or other assistive device to ambulate (Exhibit 2F, p.3). He retained 5/5 strength, including grip strength, throughout all four extremities (Exhibit 2F, p.3). He displayed 2+ deep tendon reflexes and intact sensation throughout all four extremities (Exhibit 2F,

7

p.3).  He displayed normal range of motion throughout his musculoskeletal system, including all four extremities (Exhibit 2F).

(Tr. 15) (citing Tr. 340).  ALJ Hall cited to a specific record from Dr. Vig showing his assessment of Plaintiff's musculoskeletal system (*Id.*).  Plaintiff avers that the ALJ improperly ignored that Dr. Khayyal formulated the postural limitations "based off imaging of Plaintiff's spine, Plaintiff's spinal procedure, and Plaintiff's current impairments" (DN 16 PageID # 508 (citing Tr. 56).  While Plaintiff is correct that state agency physicians like Dr. Khayyal are highly qualified, the regulations do not direct an ALJ to take their opinions *carte blanche* but to evaluate them for persuasiveness (*Id.* at PageID # 508-09) (citing *Gibbens v. Comm'r of Soc. Sec.*, 659 F. App'x 238, 247 (6th Cir. 2016).  *See* 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  Because Plaintiff has not pointed to any evidence showing that Dr. Khayal's opinion is supported, Plaintiff's exhortation that the ALJ should have adopted Dr. Khayyal's opinion because the opinion itself looked at medical evidence falls flat.

As to consistency, ALJ Hall found:  "This portion of the opinion remains inconsistent with the rare, conservative [treatment] [sic] the claimant has received since the alleged onset date." (Tr. 15).  Plaintiff contends that imaging of his spine from February 22, 2022, and his testimony at the hearing show that Dr. Khayyal's opinion is consistent with the record (DN 16 PageID # 509-10).  Consistency exists where:  "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).  As Plaintiff and the ALJ both acknowledge, the imaging of Plaintiff's spine from February 22, 2022, shows abnormal findings (*Id.*; Tr. 14).  ALJ Hall discussed records from March 3, 2022, when Plaintiff underwent spine surgery which alleviated

8

most of his spine complaints, as supported by an MRI done postoperatively (Tr. 14) (citing Tr. 319, 323, 327). ALJ Hall noted that there are no records showing that Plaintiff received any further treatment since April 2022—undermining his claim (Tr. 15). Plaintiff's reliance on imaging from February 2022 without putting it into context with the subsequent surgery and post-operative imaging is unavailing.

As to Plaintiff's testimony of his symptoms at the hearing, ALJ Hall found that the "lack of treatment suggests that his symptoms are not as severe as alleged throughout this application" considering that he has not sought out a second opinion, returned to his orthopedist, and that the exam after his last treatment date was unremarkable (Tr. 15). In sum, Plaintiff's reliance on imaging from February 2022 and his testimony at the hearing is misplaced. Thus, because ALJ Hall's analysis of Dr. Khayyal's opinion is supported by substantial analysis and follows applicable law, no error exists warranting remand.

### D.    Past Relevant Work

#### 1.  *Arguments of the Parties*

Plaintiff avers that the ALJ did not question the vocational expert regarding Plaintif's ability to perform the past relevant work as a roofer and never questioned the vocational expert with accurate information relating to Plaintiff's same age, education, work experience, and RFC (DN 16 PageID # 510-11). Because of this alleged failure, the ALJ cannot properly rely on the vocational expert's testimony, so no substantial evidence supports ALJ Hall's determination at this step (*Id.* at PageID # 511-12). Furthermore, Plaintiff contends that the vocational expert testified that his past relevant work as a roofer was at the heavy or very heavy exertional level—not at the medium level as ALJ Hall found—but Plaintiff's RFC limits him to medium level work, so the

ALJ decision as this step warrants remand (*Id.*).

Defendant responds that an ALJ is not required to obtain testimony from a vocational expert to determine if a claimant can perform past relevant work (DN 19 PageID # 521-22) (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392 (6th Cir. 2010); *Dale v. Colvin*, No. 1:13CV-00080-JHM, 2014 WL 131684 (W.D. Ky. Jan. 14, 2014); 20 C.F.R. § 404.1560(b)(2)). Defendant asserts that the ALJ reasonably concluded that Plaintiff can perform his past relevant work, relying on the DOT description which constitutes substantial evidence (*Id.* at PageID # 522). Furthermore, Defendant argues that as the ALJ made an alternative step five finding no error warrants remand (*Id.* at PageID # 522-23).

In reply, Plaintiff contends that the ALJ's "repeated false statements related to whether Plaintiff can perform his past relevant work as roofer . . . completely undermines the ALJ's decision" (DN 20 PageID # 527-28). Plaintiff avers that the "imprecise and ambiguous nature" of the ALJ's discussion means one is unable to trace the path of the ALJ's reasoning, constituting error (*Id.* at PageID # 528) (citing *Harpest v. Comm'r of Soc. Sec.*, No. 2:13-CV-925, 2014 WL 5460569 (S.D. Ohio Oct. 27, 2014), *report and recommendation adopted sub nom. Harpest v. Comm'r of Soc. Sec. Admin.*, No. 2:13-CV-00925, 2015 WL 145085 (S.D. Ohio Jan. 12, 2015).

   2.  *Applicable Law*

At the fourth step in the sequential evaluation process, the ALJ makes findings regarding the weight assigned to medical source statements in the record[5], the claimant's subjective statements[6], the claimant's RFC, the physical and mental demands of the claimant's past relevant

---

5 20 C.F.R. §§ 404.1527(c), 416.927(c).
6 In assessing a claimant's RFC, the ALJ must necessarily consider the subjective allegations of the claimant and make findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p.

work, and the claimant's ability to return to the past relevant work.[7]  In regard to the last finding, the relevant inquiry is whether the claimant can return to his past type of work rather than just his past job.  *Studaway v. Sec'y of Health & Hum. Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

It is the claimant's burden at step four of the sequential evaluation process to show an inability to return to any past relevant work, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), or to prove that a past job should not be considered relevant.  *Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 109-10 (6th Cir. 1989).  By showing a medical basis for an impairment that prevents him from engaging in his particular occupation, the claimant establishes a *prima facie* case of disability.  *Boren v. Sec'y of Health & Hum. Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990).

To support a finding that a claimant can perform past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of his past job as actually performed, or as ordinarily required by employers throughout the national economy.  *See Studaway*, 815 F.2d at 1076; 20 C.F.R. §§ 404.1565, 416.965; Social Security Ruling 82-61.  A vocational expert's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments.  *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  A hypothetical question is not erroneous where at least one doctor substantiates the information contained therein.  *Hardaway v. Sec'y of Health & Hum. Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987) (per curiam).  An ALJ properly incorporates pain into a hypothetical question by including in it the functional limitations prescribed by Plaintiff's treating physician, who is aware of the Plaintiff's pain over the years in setting those limitations.  *David v. Sec'y of Health & Hum. Servs.*, 915 F.2d 186, 189 (6th Cir. 1990).  Furthermore, there is no

---

7 20 C.F.R. §§ 404.1520(f), 416.920(f).

requirement that the ALJ's hypothetical question to the vocational expert reflect the claimant's

unsubstantiated complaints.  *Id.*  It is the Commissioner's job to evaluate the trustworthiness of

the vocational expert's testimony.  *Sias v. Sec'y of Health & Hum. Servs.*, 861 F.2d 475, 480 (6th

Cir. 1988) (per curiam).

Pursuant to Social Security Ruling 82-61, a claimant may be found "not disabled" if he

retains the RFC to perform the actual functional demands and duties of a particular past relevant

job and considering the medical records regarding Plaintiff, the vocational expert opined that

Plaintiff could perform his past relevant work.

### 3.  *Discussion*

ALJ Hall found that Plaintiff has the RFC to perform medium work with some exertional

and manipulative limitations (Tr. 13).  ALJ Hall then found that Plaintiff can perform past relevant

work as a roofer, defined in the DOT as medium level work (Tr. 16) (citing DOT Code 866.381-

010).  Plaintiff does not attack ALJ Hall's finding that roofing qualifies as past relevant work, but

contends that ALJ Hall's determination is not supported by substantial evidence because she did

not obtain testimony from a vocational expert and that her opinion inaccurately reports that ALJ

Hall did obtain testimony from a vocational expert (DN 16 PageID # 510-12).

In her opinion, ALJ Hall states:

> At the hearing, the undersigned asked the vocational expert to testify regarding a hypothetical individual's ability to perform the claimant's past relevant work.  The hypothetical individual had the same vocational profile as the claimant in terms of age, education, work experience, and residual functional capacity.  The vocational expert testified that the hypothetical individual would be able to perform the position of "roofer," as generally performed in the national economy.
>
> In accordance with Social Security Ruling 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles (DOT), as the position of "roofer" does not

require the performance of any activities precluded by the claimant's residual functional capacity.

(Tr. 16).  Plaintiff is correct that this is not true.  The sum of the vocational expert's testimony is contained in less than two pages of the transcript:

ALJ:  Miss Lane, does the resume we have on file for you correctly reflect your professional qualifications?
VE:   Yes, ma'am.
ALJ:  Has there been any prior personal or professional contact between you and the claimant?
VE:   No, ma'am.
ALJ:  Have you discussed the merits of this case with me, the claimant or the claimant's representative?
VE:   I have not.
ALJ:  Have you reviewed the exhibits from the claimant's file that were made available to you prior to the hearing?
VE:   Yes, I have.
ALJ:  Mr. Howell, do you have any objection to Ms. Lane serving as a vocational expert?
ATTY: No objection, Your Honor.
ALJ:  And Ms. Lane, do you need any additional information about the claimant's work as a roofer before you testify?
VE:   I do not.
ALJ:  Then can you please describe that job under the DOT?
VE:   Yes, a roofer has a DOT Code of 866.381-010, it's classified as medium, he performed it at heavy and even the very heavy range, as needed, SVP:  7, which is skilled.
ALJ:  Okay.  Would you say that most roofer jobs are performed in the medium range or the heavy to very heavy range?
VE:   In my experience, they are performed typically at least at the heavy level.
ALJ:  Okay.  And with an SVP:  7, would there be any skills that would transfer to light or sedentary work?
VE:   No, ma'am.
ALJ:  Okay.  All right.  Do you have any questions for the vocational expert Mr. Howell?
ATTY: No, Your Honor.

(Tr. 39-40).  At the hearing, ALJ Hall never asked the vocational expert Sharon Lane any questions about a hypothetical individual and neither was the vocational expert's testimony for roofing consistent with the DOT.

Social Security Ruling ("SSR") 00-4p provides that:

When there is an apparent unresolved conflict between the VE of VS evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the [ALJ's] duty to develop the record, the [ALJ] will inquire, on the record, as to whether or not there is such consistency.

An apparent, unresolved conflict exists between the VE's testimony that roofing is typically performed at the heavy level and the DOT listing roofing as medium (*See* Tr. 16), but ALJ Hall never obtained a reasonable explanation from the VE as required under SSR 00-4p. This failure to address the apparent conflict between the VE testimony and the DOT warrants remand. *See Barry W. H. v. Comm'r of Soc. Sec.*, No. 2:21-CV-5426, 2022 WL 3584357 (S.D. Ohio Aug. 22, 2022), *report and recommendation adopted,* No. 2:21-CV-5426, 2022 WL 6148439 (S.D. Ohio Oct. 7, 2022) (court ordered remand, denying Commissioner's argument that the ALJ could rely on DOT job description alone so any error as to the VE testimony is immaterial); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009) (duty to resolve conflict is an affirmative duty imposed on the ALJ).

It is not the proper jurisdiction of this court to "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen*, 964 F.2d at 528 (quoting *Garner*, 745 F.2d at 387). Thus, while Defendant correctly states that an ALJ need not rely on more than the DOT listing to find a claimant capable of past relevant work, to uphold the final decision of the Commissioner here would ask the Court to impermissibly resolve conflicts in the evidence. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392 (6th Cir. 2010) (citing 20 C.F.R. § 404.1560(b)(2)) (ALJ is not required to solicit testimony from a VE to find claimant capable of past relevant work).

14

Defendant contends that even if an error is found at step four, because ALJ Hall made an alternative step five finding that Plaintiff can perform jobs that exist in significant numbers in the national economy according to the Medical-Vocational Guidelines, remand is not warranted (DN 19 PageID # 522-23) (citing Tr. 16-17). "[U]nless the ALJ's finding at Step Five is unsupported by substantial evidence or there is a procedural violation, the ALJ's error at Step Four would be harmless." *Stull v. Astrue*, No. 3:10-CV-00693, 2011 WL 830633, at *6 (N.D. Ohio Jan. 18, 2011), *report and recommendation adopted sub nom. Stull v. Comm'r of Soc. Sec.*, No. 3:10CV693, 2011 WL 830541 (N.D. Ohio Mar. 3, 2011). Plaintiff does not challenge the ALJ's step five findings (*See* DN 20 PageID # 527-28).

At the fifth step, the Commissioner has the burden of demonstrating a significant number of jobs exist in the national economy that the claimant can perform, given his RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 404.1566(a), 416.920(a)(4)(v) and (g), 416.966(a); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 684 (6th Cir. 1992); *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). When a claimant's age, education, previous work experience, and RFC coincide with all of the criteria of a particular Grid Rule in Appendix 2 of the regulations, referred to as the Medical-Vocational Guidelines, the Commissioner may rely on that Grid Rule to meet this burden. 20 C.F.R. §§ 404.1569, 416.969; Grid Rule 200.00; *Born v. Sec'y of Health & Hum. Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Moon*, 923 F.2d at 1181. However, if a claimant's age, education, previous work experience, and RFC do not coincide with all the criteria of a particular Grid Rule, the Commissioner is limited to using the Grid Rule as a framework in the decision-making process and must make a non-guideline determination based on the testimony of a vocational expert. 20

15

C.F.R. §§ 404.1566(e), 416.966(e); *Born*, 923 F.2d at 1174; *Varley v. Sec'y of Health & Hum. Servs.*, 820 F.2d 777, 779 (6th Cir. 1987); *Kirk v. Sec'y of Health & Hum. Servs.*, 667 F.2d 524, 531, 535 (6th Cir. 1981). As the Grid Rules only account for exertional impairments, where a claimant suffers from a non-exertional impairment that significantly diminishes his capacity to work, such as environmental, manipulative, or mental limitations, the Grid Rules may only be used as a framework to provide guidance. *Abbot v. Sullivan*, 905 F.2d 918, 926-927 (6th Cir. 1990); *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e).

Here, ALJ Hall determined that Plaintiff met all the criteria for the Grid Rule 203.22 and 203.15, which directed a finding that Plaintiff is not disabled:

> If the claimant had the residual functional capacity to perform the full range of medium work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rule 203.22 and Rule 203.15. However, the additional limitations have little or no effect on the occupational base of unskilled medium work. A finding of "not disabled" is therefore appropriate under the framework of these rules. SSR 85-15 indicates that limitations of fine manual dexterity have greater adjudicative significance — in terms of relative number of jobs in which the function is required — as the person's exertional RFC decreases. Thus, loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work.

(Tr. 17). Plaintiff has one non-exertional limitation: he can frequently use his hands for fine manipulative tasks such as handling and fingering (Tr. 13). ALJ Hall found that this non-exertional limitation has "little or no effect on the occupational base of medium unskilled work" and followed the Grid Rules that directs a finding of not disabled under 203.22 and 203.15 (Tr. 17). Because Plaintiff does not challenge this step five finding, the undersigned concludes that the ALJ's error at step four is harmless. *Stull*, 2011 WL 830633, at *6; *see also Hunter v. Comm'r of Soc. Sec.*, No. 3:19 CV 1977, 2021 U.S. Dist. LEXIS 1112, at *7 (N.D. Ohio Jan. 5, 2021).

16

### E. Conclusion

In sum, the decision of the Commissioner shall be affirmed. The ALJ did err by misstating the testimony of the vocational expert and not complying with SSR 00-4p. Nevertheless, these errors at step four are harmless as substantial evidence supports the ALJ's decision at step five that the Medical-Vocational Rules direct a finding that Plaintiff is not disabled.

## IV.   ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

May 4, 2026

Copies:  Counsel

17